## Neal v. Commonwealth.

(Decided Jan. 25, 1938.)

CLARENCE. MILLER and HAY & WOLFINBARGER for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Tom Neal, Clyde Reed, Mid Neal, and Frank Horn were indicted for grand larceny by the grand jury of Estill county. On his separate trial, Tom Neal was found guilty and his punishment fixed at two years' imprisonment. He appeals.

The only ground relied on for reversal is that the evidence was insufficient either to take the case to the jury, or to sustain the verdict.

The evidence discloses the following situation: The Irvine Motor Company operates a garage in the city of Irvine. On Saturday night, February 3, 1937, the garage was broken into, and the safe containing a large sum of money was carried away. For some time appellant had been employed at the garage. Late Saturday afternoon he was paid off, and after the deduction of a small sum which he had borrowed and his social security tax, he received $7.07. After receiving his wages he went home to supper and, returning to the garage, remained there until 8:30 or 9:00 o'clock. After that he never returned to work. Though he received as wages only one $5 bill, there was evidence that on the next day he had more than two $5 bills, and that he was seen with a roll of money with a $20 bill on the outside. It further appears that on the door leading from the office into the garage there was a pane of glass supported by pieces of wood, and at a place on the glass that had been covered by the wood were appellant's fingerprints. On the other hand, appellant testified that it was his duty to wipe off and dust the pane of glass and he had done so. He also says that he never participated in the robbery in any way, and the only money he had the next day was that which he received as wages.

The competency of the fingerprint expert is not challenged, and the soundness of his conclusion that the fingerprint on the pane of glass was made by appellant is not questioned in any way. But it is suggested that the evidence is without probative effect, in view of the fact that the fingerprints may have been made by appellant while engaged in cleaning or dusting off the glass. There might be serious doubt as to the sufficiency of the evidence if the fingerprint had been found on the glass at a place where it could have been made by appellant

while cleaning or dusting off the glass, but, as before stated, the fingerprint could not have been made in that way for the reason that it was under a piece of wood supporting the glass, and must have been made immediately after the wood was removed for the purpose of taking out the glass and gaining an entrance, and therefore by one who was present and participated in the crime. In addition to the convincing character of the fingerprint evidence, we have the additional circumstances that appellant worked at the garage, that he was familiar with the fact that on Saturday night the safe contained considerable money, that he was seen the next day with much more money than he had received as wages, and that after the night of the crime he never returned to work or even appeared at the garage for the purpose of inquiring about what had taken place. We are therefore constrained to the view that the evidence of appellant's guilt was sufficient not only to take the case to the jury, but to sustain the verdict.

Judgment affirmed.